# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH WILLIAMS and ASHLEY EDMUNDS,<br>        *Plaintiffs*,<br>    v.<br>DETECTIVE JAMES VINTER, *et al.*,<br>        *Defendants*. | CIVIL ACTION NO. 18-1221 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                                **July 19, 2019**

      *Pro se* Plaintiffs Kenneth Williams and Ashley Edmunds filed suit under 42 U.S.C. § 1983 against, among others, Detectives James Vinter, Vincent Fuentes, and Iran Millan, and Officers James Wood, Jr., Mark Minzola, and John Pendell (collectively, "Moving Defendants"), asserting violations under the Fourth and Fourteenth Amendments of the United States Constitution.[1] Moving Defendants have filed a motion to dismiss these remaining claims in Plaintiffs' Complaint.[2] Upon consideration of their motion, to which no response has been filed, the motion will be granted for the following reasons.[3]

---

[1] Although the Complaint also names Detective Chad Cassel, Corporal Schurr, Detective Naber, Detective Feilder, and Officer Orapeza, none of these Defendants have yet been served. [Doc. No. 11].

[2] Remaining are Plaintiff Kenneth Williams's claims under Count I, and Plaintiff Ashley Edmunds's claims under Count III. Count II of the Complaint was brought by Plaintiff Patricia Williams, but because she failed to submit an amended motion to proceed *in forma pauperis* or pay the fees to commence her civil action, Patricia Williams was dismissed without prejudice as a party to the case and Count II was dismissed without prejudice. Order [Doc. No. 6].

[3] Although Moving Defendants' motion is unopposed, the Court has considered the merits of the motion and Plaintiffs' claims. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

## I. BACKGROUND[4]

In Count I, Plaintiff Kenneth Williams alleges that his rights were violated when his registered vehicle was illegally seized by the Montgomery County Bureau Enforcement Team.[5] According to Williams, Detective James Vinter helped lead the Enforcement Team in seizing the vehicle because of "the [p]olice's belief that this car was purchased with illegal proceeds,"[6] in connection with an ongoing drug investigation against Williams.[7] Approximately 11 months later, after two continuances, a forfeiture hearing was held in the Montgomery County Court of Common Pleas.[8] As a result of the hearing, the vehicle was released back to Williams on the grounds that it had a lien against it, which indicated that the vehicle was not purchased with illegal proceeds.[9] During the 11 months that his vehicle was impounded, Plaintiff alleges he could not pay his auto loan, which resulted in arrears and late fees, and negatively affected his credit.[10]

In Count III, Plaintiff Ashley Edmunds alleges that her home was damaged during an illegal and unjustified search.[11] According to Edmunds, Detective Vinter asked for and obtained a search warrant relating to Edmunds's home on the basis of the ongoing drug investigation of Plaintiff Williams.[12] Edmunds confusingly alleges, however, that her "home was never

---

[4] The following facts, unless otherwise noted, are taken from Plaintiff's Complaint and assumed to be true for purposes of the motion.

[5] Compl. [Doc. No. 7] ¶¶ 2-3.

[6] *Id.* ¶¶ 3, 5.

[7] *Id.* ¶ 3.

[8] *Id.* ¶ 7.

[9] *Id.*

[10] *Id.* ¶¶ 9-10.

[11] *Id.* ¶¶ 24-25.

[12] *Id.* ¶¶ 20-21.

mentioned in the Plaintiff, Kenneth Williams'[s] affidavit, neither was the [t]own [where she lived],"[13] and later claims that there was no mention of her address or town "in any of the affidavits of probable cause."[14] Additionally, Edmunds alleges that Moving Defendants Vinter, Millan, Wood, and Pendell entered and searched the home while no resident was present.[15] Plaintiff claims that upon her return, there was extensive damage to the home due to the search.[16]

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to demonstrate that he is entitled to relief.[17] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[18] As Plaintiffs are proceeding *pro se*, the Court "must liberally construe [their] pleadings."[19]

Courts are not, however, bound to accept as true legal conclusions framed as factual allegations.[20] Something more than a mere *possibility* of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[21] The complaint

---

[13] *Id*. ¶ 21.

[14] *Id*. ¶ 25.

[15] *Id*. ¶¶ 23-24. Although he is not a Moving Defendant, it should be noted that Sergeant Kropp was also listed in Plaintiff Williams' Complaint as allegedly searching the home. *Id.* ¶ 24.

[16] *Id*. ¶ 28.

[17] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[18] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[19] *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted).

[20] *Twombly*, 550 U.S. at 555, 564.

[21] *Id.* at 570.

must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[22] Deciding a motion to dismiss, courts may consider "only allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."[23]

### III. DISCUSSION

Section 1983 is not a source of substantive rights, but merely a means of vindicating violations of federal constitutional and statutory rights committed by state actors.[24] A plaintiff seeking to state a claim under this statute must demonstrate (1) a deprivation under the Constitution or laws of the United States, (2) by a person acting under color of state law.[25]

#### A. Plaintiff Williams's Allegations Under Count I

As an initial matter, a defendant's personal involvement, personal knowledge of, or acquiescence in an alleged wrong is necessary to sustain a §1983 claim.[26] Liability may not be predicated on the operation of *respondeat superior*,[27] and such allegations must be made with appropriate particularity.[28]

Here, Plaintiff Williams has failed to adequately allege facts that demonstrate any personal involvement for the majority of Moving Defendants in Count I. Williams does mention Moving Defendant Vinter as being involved in leading the Montgomery County Bureau

---

[22] *Id.* at 562 (internal quotation marks and citations omitted).

[23] *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Brown v. Daniels,* 128 F. App'x 910, 913 (3d Cir. 2005) (quoting *Lum v. Bank of Am.,* 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

[24] *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citation omitted).

[25] *Id.* (citation omitted).

[26] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[27] *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

[28] *Rode*, 845 F.2d at 1207 (citations omitted); *see, e.g.*, *Bush v. Dep't of Human Servs.*, 614 F. App'x 616, 620 (3d Cir. 2015) (providing that a conclusory allegation that a defendant was "directly involved" is not sufficient for purposes of alleging personal involvement).

Enforcement Team to seize his vehicle regarding his Fourth Amendment claim, but does not indicate whether any of the other Moving Defendants were involved or were part of the Enforcement Team. Additionally, Williams has failed to allege whether any of the Moving Defendants were personally involved in creating an 11-month delay in the forfeiture proceedings pursuant to his Fourteenth Amendment claim. Thus, with the exception of Moving Defendant Vinter, the Court cannot permit Count I to proceed against the other Moving Defendants without well-plead factual allegations demonstrating their personal involvement.

### 1. Fourth Amendment Unreasonable Seizure of Vehicle

Regardless of any personal involvement deficiencies, Plaintiff Williams fails to state a Fourth Amendment claim against all Moving Defendants relating to the allegedly unreasonable seizure of his vehicle. The Fourth Amendment provides, in relevant part, for "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."[29] In order to establish a claim under the Fourth Amendment, a plaintiff must show that the defendants' actions (1) constituted a "search" or "seizure," and (2) were "unreasonable" in light of the surrounding circumstances.[30]

A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property."[31] Whether a seizure of property is "unreasonable" depends upon all of the circumstances surrounding the seizure and the nature of

---

[29] U.S. Const. amend. IV.

[30] *Brower v. Cty. of Inyo*, 489 U.S. 593, 595–600 (1989); *see also Carroll v. United States*, 267 U.S. 132, 147 (1925) (holding that the Fourth Amendment "does not denounce all searches and seizures, but only such as are unreasonable").

[31] *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 209 (3d Cir. 2001) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).

5

the seizure itself,[32] which requires a "balancing of governmental and private interests."[33] Generally, "a seizure of personal property [is] *per se* unreasonable . . . unless it is accomplished pursuant to a judicial warrant issued upon probable cause and particularly describing the items to be seized."[34] However, since the ultimate standard requires "reasonableness,"[35] there are exceptions which allow for warrantless seizures, such as when the police have probable cause to believe that a vehicle is contraband or evidence of criminal activity.[36]

While Plaintiff Williams's alleged deprivation of his vehicle may have constituted a seizure under the Fourth Amendment, he has failed to allege sufficient facts to illustrate that such seizure was unreasonable in light of the surrounding circumstances. Plaintiff Williams has not stated whether Moving Defendants failed to obtain a search warrant in relation to his vehicle, and if so, whether Moving Defendants lacked probable cause for a warrantless search.[37] Plaintiff only alleges that the vehicle was seized on the "police's behalf that it was purchased with illegal proceeds,"[38] but does not demonstrate a failure to obtain a warrant or any lack of probable cause. Thus, Defendants' motion will be granted as it relates to Plaintiff Williams's Fourth Amendment claim in Count I.

---

[32] The Supreme Court has acknowledged that the reasonableness standard "is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979).

[33] *New Jersey v. T.L.O.*, 469 U.S. 325, 341 (1985).

[34] *United States v. Place*, 462 U.S. 696, 701 (1983) (citation omitted).

[35] *Soldal v. Cook Cty., Ill.*, 506 U.S. 56, 71 (1992) (citation omitted).

[36] *Florida v. White*, 526 U.S. 559, 564–65 (1999).

[37] *See id.* at 565–66 (holding that because the police had probable cause to believe that the vehicle itself was contraband, "the Fourth Amendment did not require a warrant to seize respondent's automobile in these circumstances").

[38] Compl. [Doc. No. 7] ¶ 5.

## 2. Fourteenth Amendment Due Process Delay in Releasing Vehicle

Liberally construing Count I, Plaintiff Williams also appears to assert a Fourteenth Amendment right to procedural due process claim arising out of the 11-month delay before his seized vehicle was returned to him. The Procedural Due Process Clause of the Fourteenth Amendment protects possessory interests in property.[39] State actors may not "deprive any person of life, liberty, or property, without due process of law."[40] In order to establish a procedural due process claim, the Court must analyze: (1) whether the plaintiff has a property interest which is protected by procedural due process, and (2) what procedures constitute due process of law.[41]

Here, Williams has failed to allege that any of the Moving Defendants were personally involved in creating such 11-month delay in the forfeiture proceedings, and therefore the claim must be dismissed. Moreover, although Williams appears to have alleged a cognizable property interest in the vehicle, which was allegedly registered in his name,[42] he has not provided enough context in the Complaint to suggest that the delay itself was unjustified or improper. A due process violation can result if a "dispossessed property owner has been deprived of a meaningful hearing at a meaningful time."[43] Due process concerns are implicated where there is a delay between the seizure of the property and the institution of a post-seizure judicial forfeiture

---

[39] *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998) (citation omitted).

[40] U.S. Const. amend. XIV, § 1.

[41] *Schmidt v. Creedon*, 639 F.3d 587, 595 (3d Cir. 2011) (citation omitted).

[42] Compl. [Doc. No. 7] ¶ 2. An individual has a cognizable property interest where it extends beyond simply an abstract need or a unilateral expectation of possession. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Rather, the individual "must have a legitimate claim of entitlement." *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989).

[43] *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 563 (1983).

proceeding.[44] While there is no "bright line" dictating when a post-seizure hearing must occur, the four-prong analysis originally developed for Speedy Trial Clause claims provides the relevant framework for determining whether any delay in initiating a judicial civil forfeiture proceeding was reasonable.[45] These factors are "the length of any delay, the reason for the delay, the [plaintiff]'s assertion of his right, and prejudice suffered by the [plaintiff]."[46]

Here, Williams solely alleges that there were two continuances that led to the delay in his forfeiture hearing,[47] but does not allege, for instance, any delay in initiating the proceedings or what caused the hearing to be continued.[48] Accordingly, the motion to dismiss will be granted as to the Fourteenth Amendment claim in Count I.[49]

### B. Plaintiff Edmunds's Allegations Under Count III

As with Plaintiff Williams, Plaintiff Edmunds fails to allege facts that demonstrate the personal involvement of some Moving Defendants in Count III relating to the search of her home.[50] Although Edmunds individually names Moving Defendants Vinter, Millan, Wood, and

---

[44] *Id.*

[45] *Id.* at 562, 564 (citing *Barker v. Wingo*, 407 U.S. 514 (1972)).

[46] *Id.* at 564 (citing *Barker*, 407 U.S. at 530); *see also id.* at 565 ("[N]one of these factors is a necessary or sufficient condition for finding unreasonable delay. Rather, these elements are guides in balancing the interests of the claimant and the Government to assess whether the basic due process requirement of fairness has been satisfied in a particular case.").

[47] Compl. [Doc. No. 7] ¶¶ 6-7.

[48] *See Wells v. Petsock*, 941 F.2d 253, 260 n.3 (3d Cir. 1991) ("The period of delay that can be tolerated necessarily turns on the facts of the particular case.").

[49] It is also worth nothing that during the time of impoundment, Plaintiff Williams was arrested. *Id.* ¶ 4. It is therefore unclear whether the alleged delay in the forfeiture proceedings were simply due to pending criminal proceedings against Plaintiff Williams. *See $8,850 in U.S. Currency*, 461 U.S. at 567 ("Pending criminal proceedings present . . . justifications for delay in instituting civil forfeiture proceedings."). This would make it more difficult for Plaintiff Williams to state a claim.

[50] *See Rode*, 845 F.2d at 1207 ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." (citations omitted)).

Pendell as being responsible for the alleged illegal search,[51] she does not allege any personal involvement as to Moving Defendants Fuentes or Minzola, and has failed to state a claim against them.

**1. Fourth Amendment Search of Home**

Edmunds also fails to state a Fourth Amendment claim against all Moving Defendants based on allegations of an unreasonable search of her home. It is a "'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable."[52] As a search compromises an individual's interest in privacy,[53] a search warrant therefore is generally required, one which describes with particularity "the place to be searched, and the persons or things to be seized."[54] Although the need for particularity under the Fourth Amendment solely applies to a warrant, and not any other supporting documents,[55] "reviewing courts will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'"[56]

Here, Edmunds concedes that Moving Defendant Vinter asked for and received a search warrant to search her home, which was based on the ongoing drug investigation of Plaintiff

---

[51] Compl. [Doc. No. 7] ¶ 24. Sergeant Kropp also was named but is irrelevant to the instant motion, since he has not yet been served.

[52] *Groh v. Ramirez*, 540 U.S. 551, 559 (2004) (quoting *Payton v. New York*, 445 U.S. 573, 586 (1980)).

[53] *Horton v. California*, 496 U.S. 128, 133 (1990) (citation omitted).

[54] *United States v. Ritter*, 416 F.3d 256, 264-65 (3d Cir. 2005) (quoting U.S. Const. amend. IV); *but see United States v. Atwell*, 289 F. Supp. 2d 629, 634 (W.D. Pa. 2003) (holding that the Fourth Amendment prohibits the use of "general warrants" since they vest "unbridled discretion" in a police officer executing the warrant).

[55] *Groh*, 540 U.S. at 557 (citation omitted).

[56] *United States v. Leon*, 468 U.S. 897, 915 (1984) (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)); *see also Gates*, 462 U.S. at 238 (holding that probable cause exists if the totality of the circumstances raise "a fair probability that contraband or evidence of a crime will be found in a particular place"); *United States v. Stearn*, 597 F.3d 540, 560 (3d Cir. 2010) ("[A] magistrate may infer probable cause to search [a defendant's] home so long as the affidavit establishes a nexus between the [defendant's] home and the crime under investigation.").

Williams.[57] However, Edmunds confusingly alleges that her "home was never mentioned in the Plaintiff, Kenneth Williams'[s] affidavit, neither was the [t]own [where she lived,"[58] and later claims that there was no mention of her address or town "in any of the affidavits of probable cause."[59] The Court cannot determine whether Edmunds is referring to any particular affidavit specifically in support of the search warrant for her home, and Edmunds has not alleged facts to show that the Moving Defendants' reliance on the search warrant for her property was unreasonable.[60] Thus, Count III will be dismissed without prejudice.[61]

## IV. LEAVE TO AMEND

The Third Circuit has held that in civil rights cases, the Court must allow amendment, unless doing so would be inequitable or futile.[62] The Court will therefore permit both Plaintiffs to file a curative amendment with respect to Counts I and III.[63]

---

[57] Compl. [Doc. No. 7] ¶¶ 19-20.

[58] *Id*. ¶ 21.

[59] *Id.* ¶ 25.

[60] The Third Circuit has identified four narrow circumstances where an officer's reliance on a warrant is unreasonable: (1) when the magistrate issued the warrant based on a deliberately reckless or false affidavit; (2) when the magistrate abandoned his judicial role and failed to perform his neutral and detached function; (3) when the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" or (4) when the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized. *United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars and Fifty-Seven Cents ($92,422.57)*, 307 F.3d 137, 146 (3d Cir. 2002) (citation omitted).

[61] Edmunds also alleges that no consent was given to enter her home since the search was conducted while no one was home. Compl. [Doc. No. 7] ¶ 23. Such an allegation would not sustain a claim for a violation of the Fourth Amendment as the consent of a resident is not necessary where there is a valid search warrant, and consent "is construed as an intention to abide by the law . . . rather than an invitation to search." *Bumper v. North Carolina*, 391 U.S. 543, 549 n.14 (1968) (internal quotation marks and citation omitted).

Finally, to the extent that Moving Defendants argue that they are entitled to qualified immunity in regard to Plaintiff Edmunds' claims in Count III, the Court need not address this affirmative defense since Edmunds has failed to properly allege that her constitutional rights have been violated. *See Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 n.2 (3d Cir. 2006).

[62] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc*., 482 F.3d 247, 251 (3d Cir. 2007).

[63] Before amending their respective allegations, however, the Court also will require in separate order for Plaintiffs Edmunds and Williams to show cause as to why they should not file separate amended complaints moving forward.

## V.     CONCLUSION

For the foregoing reasons, the Moving Defendants' motion to dismiss will be granted. Plaintiffs will be given leave to file an Amended Complaint.  An appropriate order follows.