IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH WILLIAMS and ASHLEY EDMUNDS,<br><br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>DETECTIVE JAMES VINTER, *et al.*,<br><br>　　　　*Defendants*. | CIVIL ACTION NO. 18-1221 |

MEMORANDUM OPINION

Rufe, J.                                                                                                         May 11, 2020

*Pro se* Plaintiffs Kenneth Williams and Ashley Edmunds filed suit under 42 U.S.C. § 1983 against twelve police officers asserting violations under the Fourth and Fourteenth Amendments of the United States Constitution.[1] Plaintiffs were granted leave to proceed *in forma pauperis*, with service by the United States Marshals Service. For service to be made, Plaintiffs had to complete a USM-285 form for each Defendant, which included the address at which the Marshals Service could effect service. Although several Defendants were served, the Marshals Service returned the summonses as unexecuted as to Detective Cassel, Corporal Schurr, Detective Naber, Detective Feilder, Sergeant Kropp, and Officer Orapeza because the provided addresses were incorrect. The Court therefore ordered Plaintiffs to show cause why these Defendants should not be dismissed for failure to prosecute.[2]

---

[1] Doc. No. 7.

[2] Doc. No. 12. The Court issued two show-cause orders. The first was returned as undeliverable as to Plaintiff Williams, because he had been transferred to a different prison without notifying the Court. Through the Pennsylvania Department of Corrections' inmate locator, the Court determined the current address and issued a second order. Doc. No. 14.

On March 11, 2019, Williams filed a Motion for Extension of Time.[3] Recognizing that Williams's USM-285 forms were returned unexecuted because he had incorrectly listed all of the Defendants as employed by the Montgomery County Detective Bureau/Montgomery County District Attorney's Office, the Court directed the served Defendants' attorney to provide a status report "as to the employment and/or relationship of the unserved Defendants in this case, if known."[4] Defense counsel complied with this order, listing the last known employing agency for the unserved Defendants.[5]

In the meantime, the served Defendants, Detectives James Vinter, Vincent Fuentes, and Iran Milan, and Officers James Wood, Jr., Mark Minzola, and John Pendell, filed a motion to dismiss the claims against them.[6] Plaintiffs did not file any response to the motion, which the Court granted after fully considering the merits of the alleged claims.[7] The Court granted Plaintiffs leave to file an Amended Complaint by August 19, 2019.[8] However, because the claim raised by Plaintiff Williams concerned a separate incident from that of Plaintiff Edmunds, the Court also ordered Plaintiffs to show cause by July 31, 2019 why their claims should not be in separate complaints moving forward.[9] On August 16, 2019, copies of the Court's memorandum opinion and orders were returned as undeliverable to Edmunds based on her provided address.[10]

---

[3] Doc. No. 15.

[4] Doc. No. 16.

[5] Doc. No. 17.

[6] Doc. No. 9.

[7] Mem. Op. [Doc. No. 18].

[8] Doc. No. 19.

[9] Doc. No. 20.

[10] Doc. No. 21. The docket reflects that this was the first time that any mail was undelivered to Edmunds.

When Plaintiffs both failed to respond to the Court's order or file an Amended Complaint, the claims against the served Defendants were dismissed.[11]

In a final attempt to permit Plaintiffs to pursue their case, the Court ordered the Clerk of Court to send six USM-285 forms to each Plaintiff and ordered each Plaintiff to complete the forms as to the unserved Defendants using the employment information that counsel for the served Defendants had provided as directed.[12] The Court explained that "[f]ailure to comply with returning the forms to the Clerk of Court and filing them on the docket may result in dismissal of their claims against these Defendants, and dismissal of [Plaintiffs'] case for failure to prosecute without further notice."[13] The Court's orders were again returned as undeliverable to Edmunds,[14] and Williams has not returned any of the USM-285s.

Given Plaintiffs' inaction, the Court must determine whether it is appropriate to dismiss the case. "A district court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and under Federal Rule of Civil Procedure 41(b)."[15] In determining whether the harsh sanction of dismissal is appropriate where the Plaintiff has failed to prosecute, the Court weighs the following six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions; and (6) the meritoriousness of the claims or defenses.[16]

---

[11] Doc. No. 23.

[12] Doc. No. 22.

[13] *Id.*

[14] Doc. No. 24.

[15] *Azubuko v. Bell Nat. Org.*, 243 F. App'x 728, 729 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

[16] *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted).

Plaintiffs have each repeatedly failed to prosecute this case, as recounted above. Edmunds has not taken any action in the case since Plaintiffs filed their joint complaint in May 2018, and Williams has not taken any action since his motion requesting an extension of time in March 2019. The remaining Defendants have not been served because Plaintiffs have not provided the Marshals Service with properly completed USM-285 forms. Moreover, Plaintiffs failed to file any responses to the served Defendants' motion to dismiss, failed to either amend their claims or show cause as to why their claims should not be in separate complaints, and failed to notify the Court of their current addresses.[17]

Although "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint," here, all six factors weigh in favor of dismissal.[18] First, because Plaintiffs are proceeding *pro se*, they are solely responsible for the failure to prosecute this case.[19] Second, Defendants are prejudiced by Plaintiffs' failure to prosecute their case, as such inaction "frustrates and delays the resolution of this action."[20] Third, the docket reflects that it has been more than a year since either Plaintiff has taken action in this case. Fourth, because the Court warned that failure to return the USM-285 forms could result in dismissal of the case, the Court can only conclude that Plaintiffs' failure to comply was not accidental but reflects a willful disregard for the Court's instructions.[21] Fifth, without any communication from Plaintiffs, even to the extent of

---

[17] The Court notes that in the order granting Plaintiffs' Motions to Proceed *In Forma Pauperis*, the Court expressly notified Plaintiffs that it is their responsibility to notify the Clerk's Office when there is an address change. *See* Doc. No. 6 at 3; *see also McLaren v. New Jersey Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (holding that dismissal is appropriate when a plaintiff failed to provide the district court with an accurate mailing address); *Thomas v. City of Philadelphia*, No. 19-90, 2020 WL 586993, at *2 (E.D. Pa. Feb. 6, 2020).

[18] *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (citing *C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988)); *see also Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003).

[19] *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

[20] *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

[21] The Court warned Plaintiffs that the failure to properly complete the USM-285 forms could result in dismissal of the case both in the order granting Plaintiffs' Motions to Proceed *In Forma Pauperis*, *see* Doc. No. 6 at 2, and in the

4

completing the forms necessary to allow service on the remaining Defendants, the case cannot proceed at this time.[22] Sixth, the reasons stated in the Court's Memorandum Opinion dismissing the claims against the served Defendants would also apply to the unserved Defendants. Thus, upon balancing the *Poulis* factors and considering that without Plaintiffs' participation there are no appropriate alternative sanctions, the Court will dismiss the case without prejudice.[23]

An order will be entered.

---

Court's August 2019 order requiring both Plaintiffs to properly complete the USM-285 forms with the information provided by served Defendants' counsel. *See* Doc. No. 22 at 2.

[22] *See Guyer v. Beard*, 907 F.2d 1424, 1430 (3d Cir. 1990).

[23] *See Briscoe v. Klaus*, 538 F.3d 252, 262–63 (3d Cir. 2008).